UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>KRISTOFER D. LINDE<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>) |

## COMPLAINT

Comes now Plaintiff, Unum Life Insurance Company of America, and for its complaint against Defendant, Kristofer D. Linde, alleges and states as follows:

### Parties

1. Plaintiff, Unum Life Insurance Company of America ("Unum"), is an insurance company licensed to do business in the State of Indiana.

2. On or about January 1, 2014, Unum issued a group long-term disability ("LTD") policy ("Group Policy") to Haynes International, Inc. ("Employer") for the purpose of funding LTD benefits under an employee welfare benefit plan ("Plan") that the Employer sponsored for its eligible employees. The Plan and the Group Policy funding the Plan are subject to and regulated by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ("ERISA").

3. Unum at all relevant times served as the Claims Administrator of the Group Policy.

4. Defendant, Kristofer D. Linde ("Defendant"), is, on information and belief, a citizen of the State of Indiana and was at one time an employee of the Employer and a participant in the Plan and was insured under the Group Policy.

**Jurisdiction**

5. This Court has jurisdiction over the claim asserted herein pursuant to 29 U.S.C. §1331 and 29 U.S.C. §1132(e)(1) inasmuch as this claim is subject to and governed by ERISA.

6. This Court also has jurisdiction under diversity of citizenship. Plaintiff Unum is incorporated in the State of Maine and has a principal place of business in the State of Maine. On information and belief, Defendant is a citizen of the State of Indiana. The amount in dispute, exclusive of interest and costs, exceeds the jurisdictional sum of $75,000.

7. This Court also has supplemental jurisdiction over the claim asserted herein pursuant to 28 U.S.C. § 1367 because it is "so related to claims in the action within [this Court's] original jurisdiction that [it] form[s] part of the same case or controversy under Article III of the United States Constitution."

8. This judicial district is a proper venue for this claim pursuant to 28 U.S.C. §1391 and 29 U.S.C. §1132(e)(2) because a substantial part of the events

2

giving rise to this claim occurred in this judicial district and because Defendant resides in and can be found in this District.

**Facts**

9. Defendant was insured under the Group Policy when he stopped working for Haynes.

10. Defendant made a claim for LTD benefits under the Group Policy.

11. Defendant agreed that if an overpayment occurred as a result of payments from other sources "including Social Security, Worker's Compensation, or other applicable sources according to my [Group Policy]" that he would "repay the full amount of the overpayment" "within thirty days of the receipt of the funds creating the overpayment." A true and accurate copy of Defendant's executed Reimbursement Agreement is attached hereto as Exhibit A.

12. The Group Policy provided for a full deduction from monthly LTD benefits or Other Income Benefits received by a claimant, including but not limited to Social Security Disability Income benefits.

13. For the period beginning June 6, 2016, and in consideration for Defendant's execution of the Reimbursement Agreement, Unum paid to Defendant monthly LTD benefits without any deduction for Social Security Disability Income benefits.

14. On May 26, 2020, the Social Security Administration approved Defendant's claim for Social Security Disability Income benefits, effective September 1, 2016. A true and accurate copy of Defendant's Notice of Award is attached as Exhibit B.

15. The Social Security Administration awarded to Defendant Social Security Disability Income benefits, including a retroactive award applicable to the period during which Unum paid to Defendant unreduced LTD benefits under the Group Policy.

16. As a result of Defendant's receipt of Social Security Disability Income benefits, he was overpaid LTD benefits in an estimated amount of $109,958.78.

17. On June 9, 2020, Unum notified Defendant that it received notice that Defendant was awarded Social Security Disability Income and that as a result, Unum had overpaid benefits. Unum notified Defendant that he would have to repay those overpaid benefits and requested that Defendant make payment by July 9, 2020. A true and accurate copy of Unum's June 9, 2020 letter is attached as Exhibit C.

18. Thereafter, Unum made multiple attempts to contact Defendant regarding the overpayment and his obligation to repay those benefits, including

most recently on December 6, 2022. A true and accurate copy of Unum's December 6, 2022 letter is attached as Exhibit D.

19. Notwithstanding those demands, there is a remaining overpayment balance under the Group Policy in the estimated amount of $109,112.59.

## Count I

## Claim for Enforcement of Plan Provisions

20. Unum incorporates by reference the preceding allegations, as set forth herein verbatim.

21. Defendant is bound by the terms of the Group Policy, which were in effect at all times material to this action.

22. Under the terms of the Group Policy, Defendant was not entitled to the overpaid LTD benefits he received.

23. At all times material to this action, Defendant was aware that Unum intended to pursue its rights to recover the overpaid LTD benefits by virtue of the Group Policy.

24. Defendant has failed to reimburse Unum for the LTD benefits overpaid to him.

25. As a result of Defendant's failure to reimburse Unum for LTD benefits paid, Unum has been harmed by the amount of the overpayment, excluding interest, and has been forced to expend further sums to bring this claim.

26. Unum is entitled to reimbursement from Defendant for the balance of the LTD benefits that were overpaid under the Group Policy, plus interest.

## Count II

### Claim for Unjust Enrichment

27. Unum incorporates by reference the preceding allegations, as set forth herein verbatim.

28. Defendant is not entitled to receive the overpaid LTD Plan benefits.

29. Defendant has no lawful claim to the overpaid LTD Plan benefits.

30. Defendant has failed to reimburse Unum for the overpaid LTD benefits.

31. Defendant's retention of the overpaid LTD Plan benefits violates principles of fairness and equity.

32. By reason of the overpayment of LTD benefits, and as a result of Defendant's failure to reimburse Unum for the LTD benefits overpaid to him, Defendant has been unjustly enriched in the amount of the overpayment.

33. Unum is entitled to recover the balance of overpaid LTD benefits, plus interest, under the doctrine of unjust enrichment, pursuant to 29 U.S.C. § 1132(a)(3) and/or the federal common law of ERISA.

## Count III

### Claim for Reimbursement, Restitution, Constructive Trust and/or Equitable Lien

34. Unum incorporates by reference the preceding allegations, as set forth herein verbatim.

35. The Group Policy specifically identifies a particular fund, which is distinct from Defendant's general assets, from which Unum may recover the overpaid LTD benefits (i.e., all "Other Income Benefits" received by Defendant).

36. The Group Policy also specifies the particular share of that fund to which Unum may be entitled (i.e., the amount overpaid by Unum).

37. Defendant has not reimbursed Unum for the overpayment.

38. Defendant's retention of the overpayment balance violates established principles of fairness and equity.

39. Unum has no adequate remedy at law if Defendant dissipates the funds on non-traceable items and continues to refuse to repay the unpaid balance owed to Unum.

40. To the extent Defendant used monies received from the Social Security Administration to purchase or invest in traceable items, Unum requests that Defendant be enjoined from selling or transferring his interest in traceable items until he has fully satisfied the unpaid balance owed to Unum, plus interest.

41. By reason of the overpayment of benefits, Unum seeks reimbursement, restitution, constructive trust, and/or equitable liens to recover the amount of the overpayment, if any, to obtain a constructive trust over any property

purchased with the overpaid sums, and/or any other appropriate equitable and/or legal relief to require Defendant to fully satisfy the amount of the overpayment.

## Count IV

### Attorneys' Fees and Costs

42. Unum incorporates by reference the preceding allegations, as if set forth herein verbatim.

43. Defendant has failed to reimburse Unum for the overpaid LTD Plan benefits.

44. There is no merit to Defendant's refusal to comply with the terms of the Group Policy and Reimbursement Agreement.

45. Based on the above, Unum is entitled to recover its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1) and/or the federal common law of ERISA.

WHEREFORE, Unum seeks all relief herein, including reimbursement of its attorneys' fees and costs, and all other just and proper relief.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Matthew B. Wesley*
Matthew B. Wesley, IL ARDC 06327766
56 S. Washington St., Suite 302
Valparaiso, IN 46383
Tel: (219) 707-5330
Fax: (219) 242-8669
matthew.wesley@ogletree.com