UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Plaintiff,

v.

KRISTOFER D. LINDE,

Defendant.

CAUSE NO. 3:23-CV-782 DRL-MGG

FINDINGS OF FACT AND FINAL JUDGMENT

The Court, having reviewed the Stipulated Facts and Proposed Judgment submitted by the parties, and being duly advised, hereby makes the following findings of fact and enters the following judgment:

I. **STIPULATED FACTS**

**Parties**

1. Plaintiff, Unum Life Insurance Company of America ("Unum"), is an insurance company licensed to do business in the State of Indiana.

2. On or about January 1, 2014, Unum issued a group long-term disability ("LTD") policy ("Group Policy") to Haynes International, Inc. ("Employer") for the purpose of funding LTD benefits under an employee welfare benefit plan ("Plan") that the Employer sponsored for its eligible employees. The Plan and the Group Policy funding the Plan are subject to and regulated by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ("ERISA").

3. Unum at all relevant times served as the Claims Administrator and fiduciary insofar as it administers benefits under the Group Policy.

4. Defendant, Kristofer D. Linde ("Linde"), is, a citizen of the State of Indiana and was at one time an employee of the Employer and a participant in the Plan and was insured under the Group Policy.

**Jurisdiction**

5. This Court has jurisdiction over the claim asserted herein pursuant to 29 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) inasmuch as this claim is subject to and governed by ERISA.

6. This Court also has jurisdiction under diversity of citizenship. Plaintiff Unum is incorporated in the State of Maine and has its principal place of business in the State of Maine. Linde is a citizen of the State of Indiana. The amount in dispute, exclusive of interest and costs, exceeds the jurisdictional sum of $75,000.

7. This Court also has supplemental jurisdiction over the claim asserted herein pursuant to 28 U.S.C. § 1367 because it is "so related to claims in the action within [this Court's] original jurisdiction that [it] form[s] part of the same case or controversy under Article III of the United States Constitution."

8. This judicial district is a proper venue for this claim pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district and because Linde resides in and can be found in this District.

**Facts**

9. Linde was insured under the Group Policy when he stopped working for Haynes.

10. Linde made a claim for long-term disability ("LTD") benefits under the Group Policy.

11. Linde agreed that if an overpayment occurred as a result of payments from other sources "including Social Security, Worker's Compensation, or other applicable sources according to

2

my [Group Policy]" that he would "repay the full amount of the overpayment" "within thirty days of the receipt of the funds creating the overpayment."

12. The Group Policy provided for a full deduction from monthly LTD benefits or Other Income Benefits received by a claimant, including but not limited to Social Security Disability Income benefits.

13. For the period beginning June 6, 2016, and in consideration for Linde's execution of the Reimbursement Agreement, Unum paid to Linde monthly LTD benefits without any deduction for Social Security Disability Income benefits.

14. On May 26, 2020, the Social Security Administration approved Linde's claim for Social Security Disability Income benefits, effective September 1, 2016.

15. The Social Security Administration awarded to Linde Social Security Disability Income benefits, including a retroactive award applicable to the period during which Unum paid to Linde unreduced LTD benefits under the Group Policy.

16. As a result of Linde's receipt of Social Security Disability Income benefits, he was overpaid LTD benefits in an estimated amount of $109,958.78.

17. On June 9, 2020, Unum notified Linde that it received notice that Linde was awarded Social Security Disability Income benefits and that as a result, Unum had overpaid benefits. Unum notified Linde that he would have to repay those overpaid benefits and requested that Linde make payment by July 9, 2020.

18. Thereafter, Unum made multiple attempts to contact Linde regarding the overpayment and his obligation to repay those benefits, including most recently on December 6, 2022.

19. To date there is a remaining overpayment balance under the Group Policy in the estimated amount of $109,112.59. Linde disputes the amount of the overpayment.

20. The parties have reached an amicable resolution of their dispute whereby Linde agrees to a judgment against him in the amount of $81,852.00 (the "Judgment"). In satisfaction of the Judgment, Linde shall make monthly payments to Unum in the amount of $300.00 on the 15th of every month (*e.g.,* November 15, 2023, December 15, 2023, January 15, 2024, etc.). The first monthly payment shall be due on November 15, 2023 and the 273rd payment in the amount of $252.00 shall be due on August 15, 2046 (the "Payments").

**II.    FINAL JUDGMENT**

The Court hereby **ORDERS** that:

1. A judgment in the amount of $81,850.00 be entered against Defendant, Kristoffer D. Linde and in favor of Plaintiff, Unum Life Insurance Company of America.

2. Commencing on November 15, 2023 and every month thereafter, Defendant Kristoffer D. Linde shall make the Payments to Plaintiff in the monthly amount of $300.00. Defendant shall perform all functions and complete whatever documents are necessary to accomplish the Payments by the designated deadlines.

3. Plaintiff is awarded execution for the collection of the judgment.

SO ORDERED.

November 9, 2023                                             *s/ Damon R. Leichty*
                                                             Judge, United States District Court